UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTHONY MICHAEL FLINT,

           Petitioner,

v.

DEWAYNE BURTON,

           Respondent.

_____/

Case No. 1:18-cv-1098

Honorable Janet T. Neff

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.   Factual allegations

Petitioner Anthony Michael Flint is incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Michigan. He is serving multiple sentences, the longest of which is a life sentence for first-degree murder. In 1991, Petitioner pleaded guilty in two different cases to a total of three counts of delivery/manufacture of narcotics, Mich. Comp. Laws § 333.7401(2)(a)(iv). The Oakland County Circuit Court sentenced him to lifetime probation.

In 1995, Petitioner was convicted in Wayne County of first-degree murder, Mich. Comp. Laws § 750.316, armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. The Wayne County Circuit Court sentenced him on March 10, 1995, to life in prison for the murder conviction, 10 to 20 years for the armed robbery conviction, and a consecutive 2 years for the felony-firearm conviction.[1]

Because of the murder conviction, the Oakland County Circuit Court revoked Petitioner's probation, and on July 18, 1996, it resentenced him to 5 to 20 years for each of the drug offenses, running consecutive to the other sentences he was serving at the time. (*See* 7/18/1996 Judgments of Sentence, ECF No. 1-1, PageID.10-11.) Consequently, his 5-to-20 year sentences for the drug convictions begin to run after his life sentence for the murder conviction.

Petitioner contends that the Oakland County judgments of sentence erroneously state that his sentences for the drug convictions ("drug sentences") run consecutive to his other

---

[1] Though not relevant for this matter, Petitioner was convicted in three other cases of three additional counts of armed robbery, and is serving sentences for each of those counts. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=248501.

2

sentences. He contends that the judgments should have stated that those sentences run *concurrently* with his other sentences. He argues that the state court did not have authority to make the drug sentences run consecutively, and that it made a clerical error when referring to consecutive sentencing in the judgments.

According to Petitioner, because the drug sentences run concurrently with his other sentences, he has served the full term of the drug sentences. In other words, the drug sentences started in 1996, and he has been in prison for more than 20 years since that time. Thus, Petitioner believes that those sentences should be extinguished.

Petitioner also contends that he is challenging his murder conviction based on new DNA evidence, and that because the drug sentences are presently construed as consecutive, he will not be able to obtain bond pending consideration or appeal of his motion challenging the murder conviction. (Pet., ECF No. 1, PageID.5.) In addition, if the murder conviction is overturned, he could end up serving more time than he is required to by law.

Based on the foregoing, Petitioner claims that continued detention under the drug convictions violates his federal constitutional rights.

Petitioner apparently filed a motion to correct his judgments of sentence in Oakland County Circuit Court, but the court rejected his motion without filing it because the court deemed it to be an improper successive motion for relief from judgment. (8/31/2018 Letter, ECF No. 1-1, PageID.21.) In addition, Petitioner complained about the calculation of his sentence in a grievance to the MDOC. His grievance was denied because the MDOC believed that its calculation is consistent with the judgments of sentence, which refer to consecutive sentences. (1/5/2015 MDOC Mem., ECF No. 1-1, PageID.13-14.)

II. <u>Merits</u>

Assuming for the sake of argument that the petition is timely[2] and fully exhausted as required by 28 U.S.C. § 2254(b)(1), it can be denied because it is plainly meritless.

Petitioner contends that the state court did not intend to issue a consecutive sentence—despite the plain wording of the judgments which refer to consecutive sentences—because the judge did not mention consecutive sentencing at the sentencing hearing, and because the judgments state that the sentences "begin" on July 18, 1996 and "shall be executed" immediately. (*See* 7/18/1996 Judgments of Sentence, ECF No. 1-1, PageID.10-11.) Neither of these contentions states a viable claim.

First, Petitioner does not have a constitutional right to be told at a sentencing hearing that a sentence will run consecutively to other sentences.

Second, the statements in the judgments that the sentences "begin" on July 18, 1996, and that they "shall be executed" immediately does not conflict with subsequent statements that the sentences "run" consecutive to other sentences. In other words, the sentences took effect on July 18, 1996, but the terms imposed do not begin to run until after Petitioner has served the sentences for which he was already incarcerated. Thus, Petitioner's interpretation of the judgments does not support his claim that there is an error in them.

In addition, his interpretation is flawed because consecutive sentencing was required by state law. When Petitioner was resentenced for his drug convictions, Mich. Comp. Laws § 333.7401(3) provided, in relevant part:

---

[2] There is a one-year statute of limitations for filing a petition under § 2254. 28 U.S.C. § 2244(d)(1). Petitioner offers no discernable justification for bringing this action over 20 years after the state court entered his allegedly invalid sentence.

4

> A term of imprisonment imposed pursuant to subsection 2(a) or subsection 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony.

*People v. Jones*, 523 N.W.2d 888, 889 (Mich. Ct. App. 1994). This section applied because Petitioner received a term of imprisonment for drug offenses under subsection 7403(2)(a)(iv) *after* he received a term of imprisonment for "the commission of another felony" (i.e., first-degree murder). Even though Petitioner was initially sentenced to probation for his drug offenses in 1991, the new prison sentences for those offenses as a result of his probation violation "essentially amount[ed] to a revocation of the original probation order and a resentencing on the original offenses as 'if such probation order had never been made.'" *Id.* at 890 (quoting Mich. Comp. Laws § 771.4); *accord People v. Hardy*, 537 N.W.2d 267, 269 (Mich. Ct. App. 1995). Thus, the court had no choice but to issue consecutive sentences. *See Hardy*, 537 N.W.2d at 322 (noting that § 7401(3) "requires" consecutive sentences).

To the extent Petitioner disagrees and contends that the state court misapplied state law, he does not state a claim because there is no remedy in a federal habeas corpus petition for correcting a state court judgment based on a perceived error in the application of state law. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Finally, to the extent Petitioner asserts that his federal constitutional rights are at stake, all of his federal constitutional claims are premised on the notion that the state court's judgments of sentence are incorrect. Because this assumption is fatally flawed, he does not state a cognizable federal claim.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a judgment and order consistent with this opinion.

Dated:  October 16, 2018         /s/ Janet T. Neff
                                 Janet T. Neff
                                 United States District Judge

7